IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LAKEASHA SMITH,                        *

    Plaintiff,                     *

vs.                                    *

                                       CASE NO. 4:19-CV-25 (CDL)

PORTFOLIO RECOVERY ASSOCIATES,         *
LLC,
                                       *

    Defendant.                     *

_____        *

O R D E R

    Lakeasha Smith brought this putative class action alleging that Portfolio Recovery Associates, LLC ("PRA") sent her a collection letter that violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Presently pending before the Court is PRA's motion to dismiss (ECF No. 7). As discussed below, the motion is granted.[1]

MOTION TO DISMISS STANDARD

    "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual

---

[1] Smith also sued "John Does 1-25." For the same reasons explained in this Order, Smith's claims against any fictitious parties are also dismissed.

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Lakeasha Smith (also known as Lakeasha Brown) owes a debt to PRA based on her use of a credit card she got from Comenity Capital Bank. PRA, the debt servicer, sent a collection letter that contained the following details about the debt:

# Portfolio Recovery Associates, LLC

February 13, 2018

Dear LAKEASHA BROWN,

**We know life happens.**
And, at times, customers may fall behind on financial commitments. We understand.

You may have debt, but you also have options. Please contact us. We are standing by and ready to help.

Sincerely,
Portfolio Recovery Associates, LLC

**Account Details**

**Name:** LAKEASHA BROWN

**Account Number:** 

**Seller:** COMENITY CAPITAL BANK FORMERLY KNOWN AS WORLD FINANCIAL CAPITAL BANK

**Merchant:** DAVIDS BRIDAL

**Original Creditor:** COMENITY CAPITAL BANK

**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC

**Current Balance Due:** $1,066.82

Compl. Ex. A, Collection Letter (Feb. 13, 2018), ECF No. 1-1.

The letter contained the following "account offers":





*Id.* At the time of the letter, Smith's debt was more than six years old, so a lawsuit to recover the debt was time-barred under Georgia law.[2]

_____

[2] PRA's disclosure regarding the statute of limitations comes directly from a consent decree between PRA and the U.S. Consumer Financial Protection Bureau. *See* Consent Decree ¶ 126, CFPB Administrative Proceeding No. 2015-CFPB-0023 (Sept. 8, 2015), http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf. The consent decree further states that PRA is "permanently restrained and prohibited from . . . [m]aking any representation or statement, or taking any other action that interferes with, detracts from, contradicts, or otherwise undermines the disclosures required in" ¶ 126. *Id.* ¶ 127. The consent decree also prohibits resale of debt except in limited circumstances. *Id.* ¶ 118.

Smith does not allege that she selected any of the payment options. Smith does allege that if she were to make a partial payment, she "could unknowingly cause the statute of limitations to restart." Compl. ¶ 32, ECF No. 1. Smith further alleges that PRA's letter is misleading and deceptive because it "fails to inform the consumer that making a partial payment with some form of written acknowledgement will restart the statute of limitations for a lawsuit to occur." *Id.* ¶ 30. Smith does not allege facts to suggest that PRA *would* sue her following a partial payment. In fact, Smith alleged that PRA unequivocally stated that it will not sue her. *See id.* ¶ 29.

## DISCUSSION

To prevail on her FDCPA claim, Smith must establish that: (1) she was the object of collection activity arising from consumer debt; (2) PRA is a debt collector under the FDCPA; and (3) PRA engaged in a practice prohibited by the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (per curiam) (explaining that a "debt collector" engaging in "collection activity" to recover an outstanding "consumer debt" "is subject to the FDCPA"). Here, PRA does not dispute that Smith was the object of collection activity arising from consumer debt or that it is a debt collector under the FDCPA. The dispositive question is whether Smith adequately alleged an FDCPA violation.

The Court previously examined a debt collection letter that also sought to collect a time-barred debt, offered partial payment options, and contained a disclosure regarding the statute of limitations that is nearly identical to the one in the letter Smith received.  *See generally Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-82 (CDL), 2018 WL 6517448 (M.D. Ga. Dec. 11, 2018), *appeal docketed*, No. 19-10120 (11th Cir. Jan. 10, 2019).[3]  The Court concluded that the plaintiff in that action failed to state a claim under 15 U.S.C. § 1692e or 15 U.S.C. § 1692f because the plaintiff did not allege facts to suggest that the statute of limitations *would* be revived in the event of a partial payment, so he did not adequately allege that the letter he received was misleading.  *Cooper*, 2018 WL 6517448, at *4.   In reaching this conclusion, the Court noted that the defendant's collection letter contained a promise not to sue the plaintiff because of the age of his debt and that the plaintiff did not allege any facts to suggest that the defendant would disregard its promise not to sue.  The Court also distinguished the cases Smith relies on in her response brief.  *See id.* at *3-*4 (distinguishing *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *Buchanan v. Northland Grp., Inc.*,

---

[3] Like the language in Smith's letter, the language in the *Cooper* letter came directly from a consent decree between the debt collector and the U.S. Consumer Financial Protection Bureau.  *Cooper*, 2018 WL 6517448, at *1 n.1.

776 F.3d 393 (6th Cir. 2015), and *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016)).

Here, the Court studied the letter Smith received in its entirety and considered the parties' arguments regarding the implications of the disclosure language. This case is indistinguishable from *Cooper*. And, the Court is not convinced that the Eleventh Circuit's recent decision *Holzman v. Malcolm S. Gerald & Associates, Inc.*, 920 F.3d 1264 (11th Cir. 2019), requires a different conclusion than the one the Court reached in *Cooper*. In *Holzman*, the collection letter sought to collect a time-barred debt by making an "offer" to "resolve" the plaintiff's debt, but the letter did not disclose that the debt was time-barred. *Id.* at 1267. The Eleventh Circuit concluded that the letter could mislead an unsophisticated consumer as to the legal status of the debt. *Id.* at 1272. In addressing the defendant's argument that it would be required to give legal advice to debtors if its letter were found to be misleading, the Eleventh Circuit noted that if a debt collector was "unsure about the applicable statute of limitations, it would be easy to include general language about that possibility, correcting any possible misimpression by unsophisticated consumers without venturing into the realm of legal advice." *Id.* at 1273 (quoting *Buchanan*, 776 F.3d at 400). The Eleventh Circuit further suggested that any misimpression could be cured by incorporating

the following language into its collection letters: "The law limits how long you can be sued on a debt. Because of the age of your debt, [the creditor] will not sue you for it[.]" *Id.* (quoting *Shields v. J.C. Christensen & Assocs., Inc.*, No. 1:16-CV-01548-SEB-DML, 2017 WL 1106085, at *1 (S.D. Ind. Mar. 24, 2017)). The language in the letter here comes mighty close to the curative language suggested by the Court of Appeals in *Holzman.*

For these reasons, the Court finds that *Holzman* is distinguishable. And, for the reasons the Court articulated in *Cooper*, Smith did not allege sufficient facts to make out an FDCPA violation.

                              CONCLUSION

For the reasons set forth above, PRA's motion to dismiss (ECF No. 7) is granted.

IT IS SO ORDERED, this 23rd day of May, 2019.

                              S/Clay D. Land
                              ―――――――――――――――――――――
                              CLAY D. LAND
                              CHIEF U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA

                                  7